# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Michael Rodriguez,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Well Path, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-02074-ART-VCF<br><br>Order<br><br>Motion Requesting Directive (ECF No. 80) |

　　　Incarcerated pro se plaintiff Michael Rodriguez filed a motion requesting directive. ECF No. 80. Plaintiff's motion pertains to the suggestion of death that the defendants filed regarding the death of defendant Dr. Harry Leo Duran. ECF No. 72. I liberally construe plaintiff's motion as a motion for substitution of party pursuant to Federal Rule of Civil Procedure 25. ECF No. 189. I grant the motion in part, as outlined in this order.

**I.　　Background**

　　　Rodriguez brings multiple civil rights claims against multiple defendants, including claims of deliberate indifference regarding his medical care against Dr. Duran. ECF No. 38. Plaintiff argues in his motion that he seeks the court's directive regarding the suggestion of death. ECF No. 80. The defendants filed a three-sentence response that states that plaintiff's claims cannot proceed against the estate (without citing to any legal authority) and arguing that only "[p]laintiff's official capacity claims are

appropriate of FRCP 25(d) relief." ECF No. 81. Rodriguez argues in his reply that when the court screened his complaint, it allowed the deliberate indifference claims against Dr. Duran to proceed. ECF No. 82.

## II. Analysis

"If a party dies and the claim is not thereby extinguished," as is the case here, "the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). Any party or the decedent's successor or representative may make a motion for substitution. *Id*. If not made within ninety days after service of a statement noting the death, the action must be dismissed with respect to the decedent. *Id.* The rule requires that a motion to substitute, as well as the statement noting death, be served on parties pursuant to Rule 5 and on non-parties pursuant to Rule 4. Fed. R. Civ. P. 25(a)(3).

"Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90-day period. First a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citing *Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir. 1985); *Grandbouche v. Lovell*, 913 F.2d 835 (9th Cir. 1990); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991)). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* (citing Fed. R. Civ. P. 25(a)(1)). Barlow held that the ninety-day period is not triggered with regard to claims against the decedent's estate until the appropriate representative of the estate is served a suggestion of death in conformity with Rule 4. *Id.* at 233-34.

Rule 25(d) states:

An action does not abate when a public officer who is a party in an official capacity

dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d).

The defendants filed the suggestion of death in this case. In *In re MGM Mirage Securities Litigation*, 282 F.R.D. 600, 603 (D.Nev. June 14, 2012), Judge Navarro directed the defendants to undertake an investigation regarding the status of the decedent's estate or appropriate successor. In a similar case, Judge Cobb also directed the defendants to investigate the status of the decedent's estate: the decedent was also a doctor in a deliberate indifference case brought by a pro se prisoner. See *Caballero v. Aranas*, No. 3:19-cv-00079-MMD-WGC, ECF No. 189 (D. Nev. July 12, 2021).

I issue a similar order in this case. Plaintiff here is also a pro se inmate with limited or no resources to discover this information, particularly when the plaintiff is precluded by regulations from having the decedent's direct contact information. I order the defendants' counsel, Lewis Brisbois Bisgaard & Smith LLP, to undertake an investigation regarding the status of the decedent's estate (1) to obtain information about the representative of the estate or the appropriate successor and (2) to notify the same of this lawsuit. If such information is obtained, I order defense counsel Lewis Brisbois to serve the notice of suggestion of death and notice of this lawsuit upon the representative or successor followed by proof of such service.

If defense counsel is unable to obtain such information, counsel at Lewis Brisbois must file a declaration detailing the efforts made to comply with this order. Since Rule 25(d) only pertains to official capacity claims, I need not address that issue in this order because the successor for those claims is automatically substituted. See Rule 25(d).

3

ACCORDINGLY,

I ORDER that plaintiff Michael Rodriguez's motion requesting directive (ECF No. 80) is GRANTED IN PART, as specified in this order.

I FURTHER ORDER that defense counsel at Lewis Brisbois Bisgaard & Smith LLP have until Friday, February 10, 2023, to comply with this order.

IT IS SO ORDERED.

DATED this 11th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE