UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>         Plaintiff,<br> v.<br>WELL PATH, *et al.*,<br><br>         Defendants. | Case No. 2:19-cv-02074-ART-VCF<br><br>ORDER |

   Pro se Plaintiff Michael Rodriguez brought this case in forma pauperis on December 3, 2019. (ECF No. 1.) The operative complaint is the Third Amended Complaint (ECF No. 35), which was screened by this Court on June 9, 2022 (ECF No. 38). Before the Court are: (1) Defendants Naphcare, Inc. ("Naphcare"), Dr. Harry Duran, Kendra Meyer, and Lee Meisner's motion to dismiss (ECF No. 58) on the basis of issue and claim preclusion by an earlier filed case before this Court, *Rodriguez v. Naphcare, Inc.*, 2:17-cv-02344-RFB-DJA, as well as on timeliness grounds; (2) Plaintiff's first and second motions to extend time to respond to the motion to dismiss (ECF Nos. 68, 73); (3) Defendant Naphcare's motion for leave to file reply in support of its motion to dismiss (ECF No. 78); and (4) Plaintiff's motion to stay the case (ECF No. 83). For the reasons set forth in this order, the Court: (1) grants the motion to dismiss (ECF No. 58); (2) grants Plaintiff's motions to extend time to respond and Defendant Naphcare's motion for leave to file reply nunc pro tunc (ECF Nos. 68, 73, 78); and (3) denies Plaintiff's motion to stay the case (ECF No. 83) in light of this order, but directs the parties to meet and confer and submit a revised discovery plan and scheduling order.

## I. MOTION TO DISMISS

   Following the Court's screening order (ECF No. 38), Plaintiff brings claims against ten Defendants: Naphcare, Dr. Larry Williamson, Dr. Harry Duran,

Kendra Meyer, Lee Meisner, Captain Rich Forbus, Fred Meyer, Las Vegas Metropolitan Police Department ("LVMPD"), Earl Salvejo, and Hugh Rosett. Four Defendants, namely Naphcare, Dr. Harry Duran,[1] Kendra Meyer, and Lee Meisner, move to dismiss the claims against them on the basis of claim and issue preclusion due to the earlier filed and presently ongoing case *Rodriguez v. Naphcare, Inc.*, 2:17-cv-02344-RFB-DJA ("*Rodriguez v. Naphcare*"). (ECF No. 58.)

In *Rodriguez v. Naphcare*, Plaintiff names as defendants Naphcare, Dr. Duran, and Meyer, among others, and alleges that the defendants failed to adequately treat Plaintiff for his severe spinal pain. (ECF No. 84 in *Rodriguez v. Naphcare.*) The Second Amended Complaint alleges that Plaintiff's spine was injured in a motor vehicle accident in 2006 and that he was on a course of treatment and was recommended for surgery before he was ordered into custody at the Clark County Detention Center ("CCDC") in 2010, for which Defendant Naphcare was contracted to provide all inmate medical care. (*Id.* at 3, 6.) For several years Plaintiff received an effective course of treatment consisting of pain and anxiety medication, trigger point injections, and medically authorized items until August of 2015 when he was suddenly removed from the sick call schedule allegedly without any reason or medical justification, causing Plaintiff to cease receiving treatment and to suffer preventable and unnecessary pain. (*Id.* at 7.) Grievances filed by Plaintiff in 2015 and 2016 allegedly went ignored by the defendants. (*Id.*) Plaintiff's allegations against Dr. Duran and Meyer are that they failed to establish and implement policies to ensure Plaintiff would be provided appropriate medical care and ignored grievances. (*E.g.*, *id.* at 13.)

---

[1] A notice of suggestion of death was filed for Dr. Duran on August 24, 2022. (ECF Nos. 70, 72.) Plaintiff filed a motion requesting directive (ECF No. 80) which the Court construed as a motion for substitution of party under Fed. R. Civ. P. 25 (ECF No. 85). The Court ordered counsel for Defendants to undertake an investigation regarding the decedent's estate to obtain information about the representative of the estate and inform the representative of this action. (ECF No. 85.) The Court then stayed that order pending the outcome of the instant motion to dismiss since the motion to dismiss would be dispositive of the claims against the estate of Dr. Duran. (ECF No. 87).

In the instant case, Plaintiff claims that in January of 2018, Dr. Duran documented a hydrocele but failed to ensure any diagnostics or monitoring. (ECF No. 38 at 7.) Plaintiff also alleges that in September of 2018 Naphcare was ordered by the court in his criminal case to provide an evaluation and CT scan of Plaintiff and delayed doing so. (*Id.* at 8.) Plaintiff states that Charge Nurse Meisner had a conversation with Plaintiff in December of 2018 in which Meisner agreed to have Plaintiff evaluated by a doctor other than Dr. Williamson and provide a sick call to address Plaintiff's pain management, and Meisner subsequently refused to provide this plan of care. (*Id.*) Plaintiff alleges that Dr. Duran and Meyer failed to respond to Plaintiff's repeated complaints regarding his pain management treatment during "MAC meetings" in January and October of 2018 and April of 2019 in which medical complaints and grievances were reviewed systemically. (*Id.* at 9.)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). The preclusive effect of a federal court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). In a federal question case, federal courts apply a uniform federal rule of claim preclusion. *Id.* Namely, a second case is barred by claim preclusion if: (1) the case involves the same claim or cause of action as the first case; (2) the first case reached a final judgment on the merits; and (3) the cases involve identical parties or privies. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020–21 (9th Cir. 2019). Claim preclusion does not apply to claims that accrue after the filing of the operative complaint in the first case. *Id.* The moving party bears the burden to establish that preclusion applies. *Id.* (citing *Taylor,* 553 U.S. at 906-07).

It is clear that Naphcare, Dr. Duran, and Meyer are parties in both cases,

though Meisner is only a party in the instant case. On the second factor, the moving Defendants argue that the denial of Plaintiff's motion to file a third amended complaint in *Rodriguez v. Naphcare* constitutes a final judgment on the merits. (ECF No. 58 at 4; ECF Nos. 246, 260, 284 in *Rodriguez v. Naphcare*.) However, the moving Defendants do not explain how the proposed third amended complaint in that case relates to the claims in the instant case. Rather, as explained in the Report and Recommendation in which Magistrate Judge Daniel J. Albregts recommends denial of Plaintiffs motion to file a third amended complaint, Plaintiff sought to add allegations relating to the personal participation of Sheriff Joe Lombardo, which were recommended to be denied as futile. (ECF No. 260 in *Rodriguez v. Naphcare* at 2.) It appears that the claims against Naphcare, Dr. Duran, and Meyer remain live in *Rodriguez v. Naphcare*. (*See* ECF No. 320 in *Rodriguez v. Naphcare*.)

The lack of a final judgment on the merits in the earlier filed case is enough to defeat the assertion of claim preclusion. Nonetheless, the Court also notes on the third factor that the moving Defendants argue that the claims in the instant case are based on the same claims that were or could have been brought in *Rodriguez v. Naphcare* since "the underlying body of facts underlying Plaintiff's 2017 case are substantially the same to the set of facts surrounding his allegations against the moving Defendants in this case." (ECF No. 58 at 5.) However, the moving Defendants do not elaborate on precisely which claims are within the same set of facts. Rather, as Plaintiff points out, it appears that Plaintiff brings a claim against Dr. Duran in the instant case for the medical condition of hydrocele, not for the management of his chronic spinal pain, which is the focus of *Rodriguez v. Naphcare*. (ECF No. 74 at 6.) It further appears that Plaintiff's allegations against Naphcare in the instant case concern a delayed evaluation and CT scan which likewise do not relate to Plaintiff's chronic spinal pain.

1		Finally, regarding the timeliness of the claims against Meisner, the Court does not see how the claim is untimely. The Court agrees with the moving Defendants that the limitations period for Plaintiff's § 1983 claims is two years viz. NRS 11.190. Plaintiff alleges that Meisner met with Plaintiff in December of 2018 and thereafter failed to provide care to Plaintiff. Plaintiff describes this conduct in Plaintiff's original complaint in this case, which was filed on December 3, 2019. (ECF No. 1-1 at 12.) The subsequent amendments to the complaint relate back since this conduct was set out in the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Plaintiff's claim against Meisner is timely.

		The moving Defendants have not carried their burden to show that claim preclusion or untimeliness bar Plaintiff's claims against them. Defendants' motion to dismiss (ECF No. 58) is denied. Plaintiff's first and second motions to extend time to oppose Defendants' motion to dismiss (ECF Nos. 68, 73), and Defendant Naphcare's motion for leave to file a reply in support of the motion to dismiss (ECF No. 78) are granted nunc pro tunc.

## II.    MOTION TO STAY

		Plaintiff filed a motion to stay the case on December 7, 2022. (ECF No. 83.) Plaintiff cites the pending motion to dismiss as well as the suggestion of death for Dr. Duran as reasons he is unable to present any discovery requests, as well as the fact that he has been unable to receive case law research materials due to the Xerox machine being broken and scheduled for repair. (*Id.* at 3-5.) Plaintiff also states that he has not yet received initial disclosures from Defendants as agreed upon. (*Id.* at 5.)

		Since the motion to dismiss is now resolved, the Court denies Plaintiff's motion to stay the case. However, the Court acknowledges that Plaintiff may not have had adequate time to participate in discovery. As such, the parties are directed to meet and confer and submit a revised discovery plan and scheduling order within 30 days of the date of this order.

### III. CONCLUSION

It is therefore ordered that Defendant Naphcare, Dr. Duran, Meyer, and Meisner's motion to dismiss (ECF No. 58) is denied.

It is further ordered that Plaintiff's first and second motions to extend time to oppose Defendants' motion to dismiss (ECF Nos. 68, 73), and Defendant Naphcare's motion for leave to file a reply in support of the motion to dismiss (ECF No. 78) are granted nunc pro tunc.

It is further ordered that Plaintiff's motion to stay the case (ECF No. 83) is denied.

It is further ordered that the parties must meet and confer and submit a revised discovery plan and scheduling order within 30 days of the date of this order.

DATED THIS 29th day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE