UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>         Plaintiff,<br> v.<br>WELL PATH, *et al.*,<br><br>         Defendants. | Case No. 2:19-cv-02074-ART-MDC<br><br>ORDER |

    Plaintiff Michael Rodriguez sued several Defendants, including Las Vegas Metropolitan Police Department ("LVMPD"), WellPath LLC, Richard Forbus, Fred Meyer, Naphcare, Harry Duran (deceased), Kendra Meyer, Lee Meisner, Earl Salviejo, Larry Williamson, Hugh Rosett, and Michael Kane for inadequate medical care in the Clark County Detention Center. (ECF No. 35.) In 2024, WellPath filed a voluntary petition for chapter 11 bankruptcy. (ECF No. 154.) The bankruptcy court confirmed the chapter 11 plan on May 1, 2025, discharging all claims and causes of action against WellPath. (ECF No. 165.)

    Before the Court is Defendants' Motion to Dismiss with Prejudice Defendant WellPath LLC. (ECF No. 166.) As detailed below, the Court dismisses WellPath with prejudice, but grants Rodriguez leave to file an amended complaint adding the Liquidating Trust as a nominal defendant.

**I. BACKGROUND**

    As set forth in Rodriguez's Third Amended Complaint ("TAC"), this case, commenced in 2019, concerns the medical treatment Rodriguez received while detained at Clark County Detention Center ("CCDC"). (ECF No. 35.) During the period that Rodriguez was incarcerated at CCDC, he experienced ongoing medical issues and severe pain related to a hydrocele. (*Id.*) Rodriguez alleges that Defendants exhibited deliberative indifference to his medical needs related to the

1

hydrocele, in violation of the Fourteenth Amendment of the United States Constitution. (*Id.*)

On November 11, 2024, WellPath Holdings, Inc. and its affiliated companies ("Debtors") each filed voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas under chapter 11 of the United States Bankruptcy Code. (ECF No. 154.) WellPath gave notice of the Bankruptcy petition on November 19, 2024, effectively staying this action. (*Id.*) On June 4, 2025, WellPath informed this Court that the bankruptcy court had entered a Confirmation Order confirming WellPath's First Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and that the automatic bankruptcy stay had been lifted. (ECF No. 165.)

The Plan and General Form of Order Regarding Lift Stay Motions[1] ("Stay Order") directs that "all Claims and Causes of Action of any nature" that arose before the petition date "against the Debtors are discharged." (ECF No. 166-2 at 3); *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. June 4, 2025) Dkt. No. 2907, p. 2. The Stay Order further provides that "[h]olders of personal injury tort and wrongful death Claims against the Debtors are subject to the Trust Distribution Procedures," but may also seek "determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party." (*Id.*) Those parties can include the Liquidating Trust as a nominal party "to recover against available third-party proceeds" or to "establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust." (*Id.*)

Outside of these measures, however, holders of such claims "may not seek satisfaction of, and are permanently enjoined from seeking payment of, any

---

[1] *See Trigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).

2

judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit from, or in connection with, the Debtor, the Debtors' estates, or the Post-Restructuring Debtors." (*Id.*) To proceed with claims against non-debtor defendants, including employees of WellPath, incarcerated individuals with personal injury or wrongful death claims had until July 31, 2025, to opt-out of the Plan's Third-Party Releases. (ECF No. 166-1 at ¶ 43.)

On June 25, 2025, WellPath filed a motion to dismiss Rodriguez's claims against it and to dismiss WellPath from this case. (ECF No. 166.) Rodriguez responded to the motion to dismiss (ECF No. 168), and WellPath replied. (ECF No. 171.)

## II.   DISCUSSION

### A. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require "detailed factual allegations," it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To sufficiently allege a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these

1  allegations because "they do nothing more than state a legal conclusion—even if
2  that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret
3  Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a
4  motion to dismiss, the non-conclusory 'factual content,' and reasonable
5  inferences from that content, must be plausibly suggestive of a claim entitling the
6  plaintiff to relief." *Id.*

### B. WellPath as Nominal Defendant

In its Motion to Dismiss, Wellpath argues that, pursuant to the Plan, all claims and causes of action against the Debtors must be discharged, and Rodriguez must be permanently enjoined from pursuing claims against the Debtors. (ECF No. 166 at 2-3.) Rodriguez contends that as a holder of personal injury tort and/or wrongful death claims, he can seek to liquidate his claims against Wellpath, itself, as a nominal defendant. (ECF No. 168 at 2–3.)

A bankruptcy court's order confirming a reorganization plan that governs the distribution of the debtor's assets "'discharges the debtor from any debt that arose before the date of such confirmation,' except as provided in the plan, the confirmation order, or the code." *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 214 (2024) (citing 11 U.S.C. § 1141(d)(1)(A)). Such a discharge "not only releases or 'void[s] any past or future judgments on the' discharged debt; it also 'operates as an injunction . . . prohibit[ing] creditors from attempting to collect or recover the debt.'" *Id.* at 215 (citing *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004)). However, typically, the "discharge of a debt of the debtor does not affect the liability of any entity on, or the property of any other entity, for such a debt." 11 U.S.C. § 524(e).

Pursuant to the Plan and Stay Order, continuation of this action against Wellpath itself is foreclosed. Moreover, the bankruptcy court has indicated that the Liquidating Trust, not Wellpath, is the correct nominal party for holders of personal injury and/or wrongful death claims to name in civil court cases

4

involving Wellpath. *See In re Wellpath SF Holdco, LLC,* No. 24-90566 (Bankr. S.D. Tex. October 21, 2025), Dkt. Nos. 844, 845; *In re Wellpath SF Holdco, LLC,* No. 24-90566 (Bankr. S.D. Tex. November 25, 2025), Dkt. No. 1022 at 00:27:00-1:10:00. As a result, it is not appropriate to maintain Wellpath in this case, even as a nominal defendant. The Court thus dismisses Wellpath from this case with prejudice.

### C. Third Party Release

Wellpath also argues that parties who did not affirmatively opt out of the Third-Party Release are "permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against the Debtors or Non-Debtor Defendants." (ECF No. 166 at 4.) At the time Rodriguez filed his response to Wellpath's Motion to Dismiss, he was still able to timely exercise his opt-out rights to preserve claims against Non-Debtor Defendants. (ECF No. 168 at 3.)

If Rodriguez timely opted-out of the Third-Party Release, he may still pursue his claims against the Non-Debtor Defendants. Because no party has indicated whether Rodriguez successfully opted-out, the Court orders the parties to file a joint status report updating the Court on the status of Rodriguez's Third-Party Release opt-out by Wednesday, January 14, 2026.

### D. Leave to Amend

In his response to Wellpath's Motion to Dismiss, Rodriguez argues that he should be allowed to proceed against the Liquidating Trust as a nominal party. (ECF No. 168 at 2-3.) While Wellpath contends that it should not be kept in this matter as a nominal defendant, it does not argue against including the Liquidating Trust as a nominal defendant. (ECF No. 171 at 3–4.)

In accordance with Rule 15(a), the court should freely give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As stated above, the bankruptcy court's order authorizes "holders of personal injury tort and wrongful death claims against" Wellpath to "seek determinations of [Wellpath's] liability by the appropriate civil court . . . with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim under the Plan from the Liquidating Trust." (ECF No. 166-2.) Thus, because the Stay Order specifically allows Rodriguez to name the Liquidating Trust as a nominal defendant, and Wellpath has not demonstrated that such an amendment would be futile, the Court grants Rodriguez leave to amend to include the Liquidating Trust as a nominal defendant in this case.

## III. Conclusion

IT IS THEREFORE ORDERED that Wellpath LLC is dismissed with prejudice.

IT IS FURTHER ORDERED that the parties must file a joint status report informing the Court whether Rodriguez timely opted out of the Third-Party Release, and the applicability of such a release, by Wednesday, January 14, 2026.

IT IS FURTHER ORDERED that Rodriguez is granted leave to amend his complaint to include the Liquidating Trust as a nominal defendant.

DATED THIS 10th day of December 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE